**RAINES FELDMAN LLP**
Sonia Y. Lee, Esq. (SBN. 191837)
slee@raineslaw.com
9720 Wilshire Boulevard, 5th Floor
Beverly Hills, California 90212
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

Attorneys for Defendant Ryan O'Connor

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

YAYYO, INC. a Delaware corporation,

Plaintiff,

vs.

HURST CAPITAL, LLP., a limited liability limited partnership, ZACH HURST an individual, AUSTIN HURST, an individual, RYAN O'CONNOR, an individual, SCOTT CARL EDWARDS, an individual, ROBERT LISIESCKI, an individual, CHRISTOPHER JOHN GILBERT, an individual, JOSEPH ANDREINI III, an individual, and JOSEPH HOFFMAN, an individual, and DOES 1 through 25, inclusive,

Defendants

Case No. 2:16-cv-08653-CBM-E

[Assigned to: Hon. Consuelo B. Marshall, United States District Judge]

**NOTICE OF *EX PARTE* APPLICATION APPLICATION OF RYAN O'CONNOR FOR AN EXTENSION OF LESS THAN 30 DAYS TO FILE RESPONSES TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[Declarations of Adam Kay and Sonia Y. Lee, and Proposed Order submitted concurrently herewith]

Date: January 5, 2017
Time: TBD
Crtrm: 8B

Complaint filed November 11, 2016

# NOTICE OF *EX PARTE* APPLICATION FOR EXTENSION OF TIME

**TO THE COURT AND ALL ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Ryan O'Connor ("O'Connor") will, and hereby does, make this *ex parte* application pursuant to *Federal Rules of Civil Procedure*, Rule 6(b) requesting that this Court extend the time, for less than 30 days, for O'Connor to respond to the Complaint filed against him by plaintiff YayYo, Inc. ("YayYo"), from January 3, 2017 to January 31, 2017.

Good cause exists to grant this application because O'Connor has previously never sought an extension, he is seeking an extension of less than 30 days, he has not delayed in seeking the extension, an no prejudice will result to YayYo from the extension as no other defendant has yet filed an answer and may not even have been served as of yet.

Current counsel for YayYo, Inc., Nannina Angioni, of Kaedian LLP, 2029 Century Park East, Suite 400, Los Angeles, California 90067, Office: (310) 893-3372, Direct: (310) 467-9796, email: nangioni@kaedianllp.com, prospective counsel for YayYo, Inc., Sassan Masserat, of Masserat Law Group, 468 N. Camden Drive, Suite 200, Beverly Hills, California 90210, Office: (310) 601-3034, email: smasserat@masseratlaw.com, and Ramy El-Batrawi, managing agent for YayYo, email: ramy@yayyo.com, were given notice of this *ex parte* application on January 4, 2017 at 1:27 p.m. (Lee Decl., Ex. D.) The notice specifically requested that YayYo advise by end of business on January 4, 2017 whether it intended to oppose the *ex parte* application. (Lee Decl., Ex. D.) As of the end of business on January 4, 2017, YayYo has not provided any response. (Lee Decl., ¶ 6.)

This application could not be heard in the normal course because the time for O'Connor to respond to the Complaint expired on January 3, 2017. If O'Connor were to file this motion under the standard motion schedule, he potentially faces the entry of default against him, which would then necessitate another motion to have the default set aside.

This *ex parte* application is based upon this Notice, the Memorandum of Points and Authorities, the Declarations of Adam Kay and Sonia Y. Lee in support thereof, and on such evidence as may be presented to the Court at the hearing on this application.

Dated: January 6, 2017

RAINES FELDMAN LLP

By: */s/ Sonia Y. Lee*
Sonia Y. Lee
Attorneys for Defendant Ryan O'Connor and Specially Appearing Defendant Joseph Andreini IIII

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Defendant Ryan O'Connor ("O'Connor") files this *ex parte* application seeking an extension of time for less than 30 days to file his response to the Complaint filed in this action by plaintiff YayYo, Inc. ("YayYo"). Specifically, O'Connor seeks until January 31, 2017 to file his response to the Complaint.

Pursuant to United States District Court, Central District, Local Rule ("Local Rule") 8-3, counsel for O'Connor attempted to procure YayYo's stipulation to extend the time for him to respond to the Complaint. As set forth herein, after delaying providing any response to the multiple requests, on January 4, 2017, YayYo finally advised that it would not provide any such extension because it "was not going to make it easy" on the defendants and intended to be "aggressive" in its prosecution of the case against the defendants. (Lee Decl., ¶ 4, Ex. C.)

Because of YayYo's unreasonable refusal, O'Connor has been forced to file this *ex parte* application and seek relief from the Court.

Good cause exists to grant the extension requested. Due to the holiday season, O'Connor, who is a Florida resident, has only recently been able to retain counsel in Los Angeles, California. He previously has not sought any extension of time. Moreover, YayYo is in the process of substituting counsel. O'Connor has been advised that YayYo's current counsel of record, Nannina Angioni, from Kaedian LLP, will either file a motion to withdraw as counsel or file a substitution of counsel by the end of this week. (Lee Decl., ¶ 3, Ex. B.) It is also unclear whether any of the other defendants have been served in this case. (O'Connor is aware of at least one other defendant who has yet to be served.) Thus, there will be no prejudice to YayYo if the extension is granted.

For the foregoing reasons, O'Connor respectfully request that the Court grant this short extension of time for him to respond to the Complaint.

## II. PROCEDURAL HISTORY.

### A. Service of Complaint

O'Connor is a resident of Florida. (Complaint, ¶ 4.) YayYo filed the Complaint in this action on November 21, 2016. On or about December 10, 2016, YayYo purported to personally serve O'Connor in Florida with the Summons and Complaint.[1]

Upon receiving the Summons and Complaint, O'Connor sought to retain counsel to represent him in this action and to respond as appropriate to the Complaint. However, he faced two hurdles in that regard. First, because of the then-impending holidays, it was difficult for O'Connor to find available counsel to interview and retain. Second, because O'Connor is a Florida resident, he was unfamiliar with attorneys in Los Angeles, California and it was necessary for him to find Florida counsel who could then recommend appropriate California counsel to serve as local counsel.

On or about December 29, 2016, O'Connor retained Daniel Lustig and Michael J. Pike, of Pike & Lustig, LLP, located in West Palm Beach, Florida, as his primary counsel. (Kay Decl., ¶ 2.) On or about December 30, 2016, co-defendant Andreini, who had received a copy of the summons and complaint via mail – but had not been served – also retained Daniel Lustig and Michael J. Pike, of Pike & Lustig, LLP to represent him in this action as his primary counsel. (Kay Decl., ¶ 3.)

---

[1] On or about December 10, 2016, YayYo sought of waiver of service of process on co-defendant Joseph Andreini III ("Andreini") by mailing via U.S. mail, regular delivery, the Summons and Complaint with a notice of acknowledgment and receipt of Summons and Complaint. The notice purported to seek waiver of service of process under Federal Rules of Civil Procedure, Rule 4(E) and ***California*** Code of Civil Procedure Section 415.30. Andreini is a resident of Florida. (Complaint, ¶ 8.) Andreini did not return a signed acknowledgment of receipt of Summons and Complaint. When service of process is not waived, the defendant must be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. Proc. 4(e)(1). Accordingly, YayYo is required to serve Andreini pursuant to Florida law. YayYo has not yet done so.

Finding, interviewing, and retaining counsel merely18 to 19 days after learning of the pending lawsuit, to defend the defendants in a case where hundreds of thousands of dollars are at stake, is not unreasonable under normal circumstances, but certainly not where there were intervening holidays.

On December 30, 2016, Pike & Lustig, on behalf of O'Connor, located Sonia Y. Lee, of Raines Feldman, LLP, and requested that she serve as O'Connor's local counsel in Los Angeles, California. (Lee Decl., ¶ 2.) Due to the holidays, however, Raines Feldman LLP was closed from noon, December 30, 2016 through Monday, January 2, 2017. (Lee Decl., ¶ 2.) As soon as the office was open and a conflicts check was conducted, on January 3, 2017, this firm was formally retained by the O'Connor. (Lee Decl., ¶ 2.) On January 4, 2017, YayYo advised O'Connor that it did not intend to grant any extension of time. (Lee Decl., ¶ 5.) This application immediately followed on January 5, 2017.

### B. Efforts to Procure a Stipulation from YayYo and Notice of *Ex Parte* Application.

From December 30, 2016, when they were retained by O'Connor and Andreini, Pike & Lustig made numerous attempts to reach counsel for YayYo and seek a stipulation for extension of time for O'Connor to respond to the Complaint. To that end, Adam Kay from Pike & Lustig sent Ms. Angioni multiple requests from December 30, 2016 through January 2, 2017 requesting and extension of 25 days for O'Connor to respond to the Complaint. (Kay Decl., ¶¶ 5-6, Ex. A.)

Mr. Kay received no response until after close of business on January 3, 2017. (Kay Decl., ¶ 7.) At 6:42 p.m. PST, Ms. Angioni sent an email response to Mr. Kay advising him that she was "in the process of filing a motion to be relieved as counsel for YayYo, Inc. in the *YayYo, Inc. vs. Hurst Capital, LLLP* matter, case number 16-CV-08653. The motion will be on file by end of week." Further, Ms. Angioni advised Mr. Kay that she was "not authorized to speak on YayYo's behalf and [was] not authorized to grant or deny any requests for extensions of time to respond."

(Lee Decl., Ex. B.) On or about 10:25 a.m. PST on January 4, 2017, after being retained, local counsel for O'Connor contacted Ms. Angioni regarding the extension and was advised the same. (*Id.*, ¶ 3, Ex. B.)

At Ms. Angioni's direction, on January 4, 2017 at 10:57 a.m. PST, counsel for O'Connor sent an email to Ramy El-Batrawi, the managing agent for YayYo, to request the continuance. (Lee Decl., ¶¶ 4-5, Ex. C.) That same day, Mr. El-Batrawi responded that he was not going to provide the extension because he was not "going to make it easy on the[] [defendants] in any way" and that he intended to be "aggressive" in his dealings with the defendants. (Lee Decl., Ex. C.)

Accordingly, pursuant to Local Rule 7-19.1, on January 4, 2017 at 1:27 p.m. PST, counsel for O'Connor gave notice of the instant *ex parte* application via email to Ms. Angioni, who is still counsel of record for YayYo, Mr. El-Batrawi, and Sassan Masserat, Esq., who the Moving Parties are advised will be new counsel for YayYo. (Lee Decl., ¶ 6, Ex. D.) O'Connor's counsel specifically requested that YayYo advise by end of business on January 4, 2017 whether it intended to oppose the *ex parte* application. (Lee Decl., Ex. D.) As of end of business on January 4, 2017, YayYo did not provide any response. (Lee Decl., ¶ 6.)

## III. GOOD CAUSE EXISTS TO GRANT THE EXTENSION.

Unless extended by stipulation or court order, in a federal action, a defendant's response to a complaint is due within 21 days after service of the summons and complaint upon defendant. Fed. R. Civ. Proc. 12(a)(1)(A)(i).

In this instance, O'Connor was personally served with the Summons and Complaint on December 10, 2016 and his response was due by December 31, 2016. As December 31, 2016 was a Saturday, and January 2, 2017 was a legal holiday, O'Connor's response to the Complaint was due by ***January 3, 2017***. Fed. R. Civ. Proc. Rule 6(a)(1)(C) (in computing time, "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"); and Fed.

R. Civ. Proc. Rule 6(a)(6)(A) ("legal holiday" includes "the day set aside by statute for observing New Year's Day . . . ").

O'Connor seeks an extension of 28 days, until January 31, 2017, to file his response to the Complaint.

*Federal Rules of Civil Procedure*, Rule 6(b) provides, in pertinent part, that:

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> > (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> >
> > (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Good cause exists to grant the extension requested.

As set forth above, O'Connor seeks an extension of less than 30 days to file his response to the Complaint. Under normal circumstances, as a matter of course and professional courtesy, such extension would be stipulated to by the plaintiff and would not require Court approval. Local Rule 8-3 (in the Central District, stipulations extending the time to answer or otherwise respond to the initial complaint for not more than 30 days are effective without court approval). YayYo's refusal to provide such an extension because it intends to be "aggressive" against the defendants is not a legitimate reason to deny such an extension.

Further, O'Connor did not delay in seeking the extension. As set forth herein, he retained Florida counsel on December 29, 2016 and his local California counsel on January 3, 2017. From December 30, 2016 to January 2, 2017, O'Connor, through their counsel, attempted to obtain YayYo's agreement to extend the time for him to respond to the Complaint. He received no response until close of business on Monday, January 3, 2017, only to be informed that YayYo's counsel of record was seeking to withdraw from the action and had no authority to grant such an extension.

The very next morning, on January 4, 2017, O'Connor's counsel contacted the managing agent for YayYo to seek the extension to respond. O'Connor's counsel was not advised until January 4, 2017 that YayYo would not agree to any such extension. O'Connor's counsel promptly gave notice of the instant *ex parte* application and filed it at its earliest opportunity, on January 5, 2017. O'Connor diligently sought an extension of time to respond to the Complaint.

Finally, O'Connor has not previously sought any extension of time for him to respond to the Complaint.

Moreover, there is no prejudice to YayYo from granting the extension.

Pursuant to the Court's docket, no other defendant has filed its/his response to the Complaint. It is unclear whether any other defendant has even been served since no proofs of service are file. At a minimum, Andreini has not yet been served with the Summons and Complaint, and even if served in the next few days, would not have a response due until the end of January. Nothing has happened in this case thus far. No answers have been filed and no discovery has been conducted.

Critically, YayYo is in the process of obtaining new counsel to represent it in this action. The new counsel will, no doubt, require some time to review the files and to become familiar with the case.

Thus, granting O'Connor an extension of less than 30 days to respond to the Complaint will not affect or delay the progress of the action in any way.

/ / /

/ / /

/ / /

/ / /

**IV. <u>CONCLUSION.</u>**

For the foregoing reasons, O'Connor respectfully requests that the Court grant an extension of time, until January 31, 2017, for him to file his response to the Complaint.

Dated: January 6, 2017

RAINES FELDMAN LLP

By: */s/ Sonia Y. Lee*
Sonia Y. Lee
Attorneys for Defendant
Ryan O'Connor