KAEDIAN LLP
NANNINA L. ANGIONI (SBN 238052)
nangioni@kaedianllp.com
2029 Century Park East, Suite 400
Los Angeles, CA 90067
Telephone: (310) 893-3372
Facsimile: (310) 893-3191

Attorneys for Plaintiff,
YAYYO, INC., a Delaware corporation

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YAYYO, INC. a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>HURST CAPITAL, LLLP, a limited liability limited partnership, ZACH HURST an individual, AUSTIN HURST, an individual, RYAN O'CONNOR, an individual, SCOTT CARL EDWARDS, an individual, ROBERT LISIESCKI, an individual, CHRISTOPHER JOHN GILBERT, an individual, JOSEPH ANDREINI III, an individual, and JOSEPH HOFFMAN, an individual, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No: 16-CV-08653-CBM (Ex)<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF YAYYO, INC.; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of Nannina L. Angioni in Support of Notice of Motion and Motion for Leave to Withdraw concurrently served and filed]<br><br>Date: February 7, 2017<br>Time: 10:00 AM<br>Dept.: Courtroom 8B, 8th Floor |

TO THE HONORABLE CONSUELO B. MARSHALL, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 7, 2017 at 10:00 a.m. or as soon thereafter as the matter may be heard at the United States District Court for the Central District of California, First Street Courthouse, located at 350 W. 1st Street, Los Angeles, California 90012, in Courtroom 8B on the eighth floor, the law firm of Kaedian LLP and attorney Nannina L. Angioni (collectively "Kaedian"), will and hereby move the Court for leave to withdraw as counsel of record for Plaintiff YayYo, Inc. in this action, pursuant to Local Rule 83-2.3.

Kaedian makes this request because Plaintiff YayYo, Inc. terminated its services in this action on or about December 5, 2016. Despite numerous requests that YayYo, Inc. retain new counsel and execute a Request for Approval of Substitution of Counsel, to date neither has occurred. The attorney-client relationship no longer exists between Kaedian and YayYo, thus Kaedian respectfully seeks relief so that the court record will accurately reflect that it no longer represents YayYo in this action.

Kaedian bases its Motion on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the concurrently filed Declaration of Nannina L. Angioni, all pleadings and papers on file in this action, and such further evidence and argument that may be presented at the time of hearing.

Respectfully submitted,

Dated: January 5, 2017

KAEDIAN LLP

________________________

NANNINA L. ANGIONI
Attorneys for Plaintiff,
YAYYO, INC., a Delaware corporation

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

After filing the Complaint in this action, Plaintiff YayYo, Inc. ("YayYo") terminated its attorney client relationship with Kaedian LLP, including with its partner Nannina L. Angioni (hereafter collectively "Kaedian"). Per YayYo's representations, Kaedian provided YayYo with an opportunity to secure new counsel and countersign a Request for Approval of Substitution of Counsel, which was timely provided within 24 hours of YayYo's termination of services. To date, and despite several requests for information, YayYo has not provided Kaedian with information regarding its new counsel nor has it returned a counter-signed Request for Approval of Substitution of Counsel.

YayYo and Kaedian are no longer in an attorney-client relationship. As this case is progressing, Kaedian respectfully requests leave to withdraw from the record as YayYo's counsel, so that the court docket accurately reflects the status of its relationship with YayYo.

**II.**

**FACTUAL BACKGROUND**

On November 10, 2016, YayYo engaged Kaedian to represent it in connection with certain claims against Hurst Capital, LLLP, Austin Hurst, Zach Hurst, Ryan O'Connor, Scott Carl Edwards, Robert Lisiescki, Christopher John Gilbert, Joseph Andreini III, and Joseph Hoffman (hereafter collectively the "Defendants"). Declaration of Nannina L. Angioni ("Angioni Decl."), ¶ 2. Pursuant to the engagement agreement, on November 21, 2016, Kaedian filed a Complaint against Defendants which was assigned to this Court, before the Honorable Consuelo B. Marshall. *Id.* at ¶ 3.

Thereafter, on December 5, 2016, YayYo advised Kaedian that it was terminating the attorney-client relationship. *Id.* at ¶ 4. That day, Kaedian prepared and transferred

the file to YayYo. Nine days later, Kaedian provided YayYo with a signed Request for Approval of Substitution of Counsel form along with instructions for completing and returning the form for filing. *Ibid.* YayYo represented that it was engaging new counsel and would provide new counsel's information as soon as available. *Ibid.*

On numerous occasions, over the course of the past month, Kaedian has requested that YayYo provide its new counsel's information, inquired of status of YayYo's efforts to engage new counsel, and asked that YayYo return the Request for Approval of Substitution of Counsel form signed so that Kaedian could file it with the court. *Id.* at ¶ 5. Despite YayYo's representations that it was in the process of engaging new counsel and would do so by various dates, to date, YayYo has still not provided Kaedian with new counsel's information nor with a counter-signed Request Approval of Substitution of Counsel form. *Ibid.*

Within the past week, Kaedian has received email inquiries from counsel for Defendants Ryan O'Connor and Joseph Andreini III. *Id.* at ¶ 6. As YayYo had terminated the attorney-client relationship, Kaedian was not authorized to make representations or enter into agreements on YayYo's behalf. *Ibid.* On January 3, 2017 and January 4, 2017, Kaedian communicated with Defendants O'Connor and Andreini's counsel regarding the fact that it was in the process of filing a Motion for Leave to Withdraw as Counsel. *Ibid.* Kaedian also advised YayYo of its receipt of and response to communications from Defendants' counsel. *Ibid.* Kaedian provided Defendants' counsel with contact information for YayYo's managing agent, Ramy El-Batrawi. *Ibid.* On January 4, 2017, Defendants' counsel advised Kaedian that it had made contact with YayYo through Mr. El-Batrawi's YayYo email address. *Ibid.*

On January 4, 2017, Kaedian complied with Local Rule 83-2.3.4 and advised YayYo in writing of the consequences of its inability to appear pro se in this action. *Id.* at ¶ 7.

**III.**

**ARGUMENT**

Pursuant to Local Rule 83-2.3.1, "[w]henever a party has appeared by an attorney, the party may not thereafter appear or act pro se, except upon order made by the Court after notice to such attorney and to any other parties who have appeared in the action." Further, per Local Rule 83-2.3.2, "[a]n attorney may not withdraw as counsel except by leave of court." A request for such leave "must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." L.R. 83-2.3.2.

Here, YayYo terminated the attorney client relationship with Kaedian. Angioni Decl., ¶ 4. Kaedian is therefore not authorized to act on YayYo's behalf, engage in communications on its behalf, or enter into agreements for YayYo with respect to this action. *Id.* at ¶ 6. Although YayYo has been provided with nearly a month to engage new counsel, and despite representations that new counsel's information would be forthcoming, to date, YayYo has not done so. *Id.* at ¶ 5. YayYo has not provided Kaedian with its new counsel's information nor has it provided a counter-signed Request for Approval of Substitution of Counsel. *Ibid.*

This case is an active matter, and is proceeding with next steps as certain defendants have already engaged counsel and indicated an intent to reply to the complaint and seek relief from the court. Kaedian respectfully requests leave of court so that it can effectively withdraw as YayYo's counsel of record and ensure that the court docket accurately reflects that it does not represent YayYo in this action.

Local Rule 83-2.3.4 requires that "[a]ny attorney requesting leave to withdraw from representation of an organization of any kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) must give written notice to the organization of the consequences of its inability to appear pro se." On January 4, 2017, Kaedian complied with this requirement and provided YayYo with express notice of its inability to appear pro se in this action and related consequences should it not engage counsel. Angioni Decl., ¶ 7.

## IV.

## CONCLUSION

For the foregoing reasons, Kaedian LLP and Nannina L. Angioni respectfully request that the Court grant their Motion for Leave to Withdraw as Counsel for Plaintiff YayYo, Inc. and order that Kaedian LLP and Nannina L. Angioni have been removed as YayYo, Inc.'s counsel from the docket in this action.

Respectfully submitted,

Dated: January 5, 2017

KAEDIAN LLP

______________________________

NANNINA L. ANGIONI
Attorneys for Plaintiff,
YAYYO, INC., a Delaware corporation

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2029 Century Park East, Ste. 400, Los Angeles, California 90067.

On January 5, 2017, I served the foregoing document titled: **NOTICE OF MOTION AND MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF YAYYO, INC.; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

YayYo, Inc.
c/o Harvard Business Services, Inc.
16192 Coastal Highway
Lewes, DE 19958
Email: Mr. Ramy El-Batrawi, managing agent at Ramy@Yayyo.com

☒ **BY MAIL** I deposited such envelope in the mail at Los Angeles, California. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with the postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

☐ **BY FEDEX/UPS** I caused such envelopes to be served via FedEx/UPS. I am readily familiar with the firm's practice of collection and processing of correspondence for FedEx/UPS. Under that practice it would be deposited in a box or other facility regularly maintained by FedEx/UPS for next day delivery.

☒ **BY ELECTRONIC TRANSMISSION** A true and correct copy of the foregoing document(s) was/were transmitted to the electronic mail address(es) on the service list above. The document(s) was/were served electronically and the transmission was reported as completed without error.

☒ **BY CM/ECF ELECTRONIC SERVICE** I caused such document(s) to be served upon all registered users via the Court's (NEF) electronic filing system.

☐ **(STATE)** I declare under the penalty of perjury that the foregoing is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under the penalty of perjury under the laws of the State of California, and the United States of America, that the foregoing is true and correct and that this declaration was executed on January 5, 2017 in Los Angeles, California.

*/s/ Nannina L. Angioni*
Nannina L. Angioni