David L. Brandon, Esq., SBN: 105505
DBrandon@mpplaw.com
Neda Cate, Esq. SBN: 274971
NCate@mpplaw.com
**MORRIS POLICH & PURDY LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178

Attorneys for Defendants,
**ROBERT LISIECKI, CHRISTOPHER GILBERT and JOSEPH HOFFMAN**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YAYYO, INC., A Delaware corporation<br><br>Plaintiff,<br><br>vs.<br><br>HURST CAPITAL, LLLP, a limited liability limited partnership, ZACH HURST an individual, AUSTIN HURST, an individual, RYAN O'CONNOR, an individual, SCOTT CARL EDWARDS, an individual, ROBERT LISIESCKI, an individual, CHRISTOPHER JOHN GILBERT, an individual, JOSPEH ANDREINI III, an individual, and JOSEPH HOFFMAN, an individual, and DOES 1-25 inclusive,<br><br>Defendants. | Case No.: 2:16-cv-08653 TJH-E<br>[Action Filed: November 21, 2016]<br><br>**DEFENDANTS ROBERT LISIECKI, CHRISTOPHER GILBERT, AND JOSEPH HOFFMAN'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION; DECLARATIONS OF LISIECKI, GILBERT & HOFFMAN IN SUPPORT THEREOF**<br><br>[(Proposed) Order filed concurrently herewith]<br><br>Date: April 24, 2017<br>Time: UNDER SUBMISSION<br>Crtm: 9B |

**TO ALL PARTIES AND TO THEIR ATTORNEY(S) OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 24, 2017, in Courtroom 9B of the above-entitled Court, located at 350 West First Street, Los Angeles, California 90012, defendants Robert Lisiecki, Christopher Gilbert and Joseph Hoffman ("Defendants") will and hereby do move this Court for an Order (1) compelling plaintiff YayYo, Inc. ("YayYo") to arbitrate its claims and (2) staying this action as to all causes of action asserted against Defendants pending arbitration.

This Motion is based on 9 U.S.C. § 4 and is made on the grounds that each of the claims asserted against the Defendants must be arbitrated pursuant to a written agreement entered into by and between YayYo and Defendants. This Motion is based on this Notice of Motion and Motion to Compel Arbitration of Claims, the accompanying memorandum of points and authorities and the declarations of Lisiecki, Gilbert and Hoffman filed herewith, the complete file and records in this action, and any other evidence and argument which the Court may consider at the time of the hearing of this matter.

//

//

//

//

//

//

//

//

//

//

//

//

This motion is made following the many attempts to confer with counsel pursuant to Local Rule 7-3 which took place on from February 14, 2017, to March 16, 2017.

Dated: March 21, 2017

Respectfully submitted,

**MORRIS POLICH & PURDY LLP**

By: /s/ *Neda Cate*
David L. Brandon
(*Dbrandon@mpplaw.com*)
Neda Cate
(Ncate@mpplaw.com)
1055 West Seventh Street
24th Floor
Los Angeles, CA 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
Attorneys for Defendants
**ROBERT LISIESCKI, CHRISTOPHER JOHN GILBERT, AND JOSEPH HOFFMAN**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Robert Lisiecki, Christopher Gilbert and Joseph Hoffman ("Defendants") seek an order staying this action and compelling arbitration on the ground that each and every claim asserted against Defendants by YayYo, Inc. is subject to a written arbitration provision, which is binding and enforceable.

On July 5, 2016 Robert Lisiecki and Joseph Hoffman entered into a written Independent Contractor Agreement with Plaintiff YayYo, Inc. ("YayYo"). Christopher Gilbert entered into the same written Independent Contractor Agreement with YayYo on July 16, 2016. (The agreements are collectively referred to as the "Agreements"). Each of these Agreements contained the following broad arbitration provision:

> "This Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to principles of conflicts of laws. The parties agree that any and all disputes, claims or controversies arising out of or related to this Agreement shall be submitted for binding arbitration. Unless the parties agree otherwise, any mediation and/or arbitration shall take place in the State of California, Los Angeles County, and shall be administered by, and pursuant to, the Commercial Arbitration Rules of American Arbitration Association. The provisions of this section may be enforced in any court of competent jurisdiction."

Notwithstanding the clear terms of the arbitration provision, on or about November 21, 2016, YayYo filed the instant complaint asserting claims against Defendants directly arising out of the Agreements.

It is apparent that the contractual relationships between the Defendants and YayYo is inextricably woven to the facts YayYo claims as its basis for each claim alleged in the Complaint. The Complaint has causes of action for fraud, fraudulent

inducement, fraudulent concealment, negligent misrepresentation, unfair business practices, intentional interference with contractual relations, intentional interference with prospective economic relations, negligent interference with prospective economic relations and conversion which are all sounded in fraud.

However, the complaint is devoid of any factual statements describing how the Defendants perpetrated any fraud on YayYo. YayYo has not alleged a meeting with the Defendants, YayYo has not alleged any statements that the Defendants made to YayYo and YayYo has not alleged that it relied on Defendants' statements. As such, any claims against the Defendants must arise from their Agreements with YayYo, as that is the only form of communication between the Defendants as alleged in the complaint. Certainly, each and every claim expressly rests on the contractual relationship existing between the parties, as evidenced by the fact that all causes of action are against all defendants and Defendants made no representations to YayYo outside of their Agreements with YayYo.

The following allegations in the complaint would seem to indicate that the Agreements are interwoven in the complaint:

**FIRST, SECOND, FOURTH CLAIM**

YayYo was not aware that Defendants' representations and promises were false when they made them. YayYo trusted Defendants and believed in their ability to fulfill the promises as made.

YayYo believed the representations Defendants made regarding their experience, credentials, know-how, and capability to deliver the products as YayYo described, on time, and within budget.

YayYo justifiably relied on Defendants' representations when it agreed to enter into an agreement for their services and when it continued to pay them nearly $800,000 over the course of nearly five months.

(Complaint, ¶¶ 33-35.)

**THIRD CLAIM**

YayYo would have never hired Defendants had Defendants not concealed these material facts, nor would YayYo have paid them $800,000.

YayYo was not aware that Defendants were concealing material facts. YayYo trusted Defendants and believed that they were being honest and forthright in their communications. YayYo justifiably relied on Defendants' representations when it agreed to enter into an agreement for their services and when it continued to pay Defendants nearly $800,000 over the course of nearly five months

(Complaint, ¶¶ 48-49.)

**FIFTH CLAIM**

After spending $800,000 on Defendants' services, YayYo was left with a defective website and a purported mobile application that failed in its most basic functions, could not access continuous real-time pricing for any ride-sharing or private ride services. YayYo had to hire a new team of contractors to retool its website and build the mobile applications from scratch.

(Complaint, ¶ 62-63.)

**SIXTH, SEVENTH CLAIM**

Defendants engaged in wrongful conduct by making misrepresentations to YayYo, failing to provide deliverables on the dates agreed, failing to provide some deliverables at all, and engaging in other fraudulent behavior as set forth herein above.

Defendants' wrongful conduct disrupted YayYo's relationships with these third parties.

(Complaint, ¶¶ 68-69, 74-75.)

**EIGHTH CLAIM**

Defendants engaged in wrongful conduct by making misrepresentations to YayYo, failing to provide deliverables on the dates agreed, failing to provide some deliverables at all, and engaging in other fraudulent behavior as set forth herein above.

Defendants' wrongful conduct disrupted YayYo's relationships with these companies.

(Complaint, ¶¶ 81-82.)

**NINTH CLAIM**

Defendants obtained YayYo's funds, in the amounts set forth herein above, despite not having completed the work they represented having done. Defendants intentionally and substantially interfered with YayYo's right to possess these funds by tendering fraudulent invoicing for work not performed. Despite YayYo's requests for reimbursement of monies wrongfully tendered, to date, Defendants have not returned YayYo's money.

(Complaint, ¶ 86.)

Unequivocally, all of the claims, disputes or controversies at issue, at least as they relate to the Defendants, arise out of, or are related to the Agreements. An elementary review of the Agreement establishes that this case does not belong in Federal Court. Accordingly, this matter must be stayed for arbitration to take place as agreed upon by the parties in the Agreements.

## II. LEGAL ARGUMENT

The party seeking to compel arbitration has the burden under the Federal Arbitration Act ("FAA") to show "(1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Roe v. SFBSC Mgmt., LLC*, 656 F. App'x 828, 829 (9th Cir.

//

2016), *citing Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).

### A. A Valid Written Agreement to Arbitrate Must be Rigorously Enforced

Written agreements to arbitrate a dispute "shall be valid, irrevocable, and enforceable." *See* 9 U.S.C. § 2. "Federal substantive law governs the question of arbitrability." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719-20 (9th Cir. 1999), *citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). A clear federal policy exists "in favor of arbitration." *Simula, supra*, 175 F.3d at 719-20. "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.*, *citing Moses H. Cone*, 460 U.S. at 24-25.

The standard for demonstrating arbitrability is not high. *Simula, supra*, 175 F.3d at 719-20. The FAA leaves "no place for the exercise of discretion by a district court, but instead mandates that district courts direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.*, *citing Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218 (1985). Arbitration agreements must be "rigorously enforced." *Id.*

The FAA provides for the enforcement of arbitration provisions in any contract "evidencing a transaction involving commerce." 9 U.S.C. § 2; *Bernhardt v. Polygraphic Co. of Am.*, 350 U.S. 198, 200 (1956). The term "involving commerce" is the functional equivalent of the more familiar term "affecting commerce," words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power. *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003). To fall within the outer reaches of the Commerce Clause, the contract at issue must involve a party who was "working 'in' commerce," "producing goods for commerce," or "engaging in activity that affected commerce." *Elmore v. CVS Pharm., Inc.*, 2016 U.S. Dist. LEXIS 156481, at *6-7 (C.D.Cal. Nov. 9, 2016).

The Agreement was prepared and drafted by YayYo for Defendants to execute as an independent contractor. (Lisiecki, Gilbert and Hoffman Decl., ¶ 5.) The contract at issue involved commerce, as YayYo entered into the Agreements and paid Defendants from California for work performed by Defendants from Florida. Therefore, the arbitration provision is enforceable under the FAA.[1]

As stated by the Supreme Court in *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. at 626 (1985), "any doubts concerning the scope of the right to arbitrate must be resolved in favor of arbitration." When ample facts lead to the conclusion that there was no good faith basis to proceed with the filing of a federal lawsuit, a claim is "objectively frivolous." *Peer v. Lewis*, 606 F.3d 1306, 1312-14 (11th Cir. 2010). Here, the lawsuit filed by YayYo is objectively frivolous because YayYo is alleging allegations of fraud against the Defendants with none of the specificity of fraud that is required by law and now the Defendants are incurring the expense of YayYo's refusal to arbitrate this matter, as required by its own Agreement. Defendants is thus entitled to the entry of an order compelling arbitration as provided in the subject agreement. *See* 9 U.S.C. § 4.

**B. The Agreements Were Not Procured By Fraud, and Therefore Are Enforceable**

YayYo may state that the Agreements were procured by fraud, and therefore are not enforceable. However, this is an incorrect proposition as there are no fraud allegations in the complaint besides a general fraud conspiracy alleged against the Defendants. In *Vess v. Ciba-Geigy Corp. USA* (9th Cir. 2003) 317 F.3d 1097, 1106 the Court held that

"Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud "be 'specific enough to

---

[1] Defendants note that Defendant O'Connor has filed a similar motion to compel arbitration under the same grounds and similar facts.

give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.' " *Bly–Magee,* 236 F.3d at 1019 (quoting *Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir.1993)). Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir.1997) (internal quotation marks omitted). "[A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.),* 42 F.3d 1541, 1548 (9th Cir.1994)."

In *Vess* the plaintiff alleged "a fraudulent conspiracy between the APA and the other defendants, but [did] not provide the particulars of when, where, or how the alleged conspiracy occurred." (*Id.* at 1106). The court in *Vess* eventually dismissed the plaintiff's complaint due to the lack of particularity. While Defendants are requesting to compel arbitration and not filing a motion to dismiss the complaint yet, YayYo should be estopped from arguing that the Agreements were procured by fraud because YayYo has not plead any of the particulars of fraud. YayYo cannot use "fraudulent inducement" as a shield to not enforce the arbitration provision in its Agreements (which YayYo drafted) while also at the same time not meeting the basic fraud pleading requirements to allege fraud in a complaint.

It is also well established that "a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010). "[A]s a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract." *Id.* at 71, *citing Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (2006). Therefore,

even if YayYo claims that the Agreements by the Defendants were procured by fraud it is not enough to prevent a court from enforcing a specific agreement to arbitrate.

**C. The Broad Arbitration Provision Covers all Claims Raised by YayYo**

"[T]he decision as to whether a contractual arbitration clause covers a particular dispute rests substantially on whether the clause in question is 'broad' or 'narrow.'" *Bono v. David*, 147 Cal. App. 4th 1055, 1064 (2007). In California, broadly worded arbitration clauses may extend to tort claims that may arise "under or from the contractual relationship." *Coast Plaza Doctors Hosp. v. Blue Cross of Cal.*, 83 Cal. App. 4th 677, 686 (2000). Specifically, no requirement exists that a "cause of action arising out of a contractual dispute must be itself contractual. At most, the requirement is that the dispute must arise out of contract." *Id.*, *citing Crofoot v. Blair Holdings Corp.*, 119 Cal. App. 2d 156, 182 (1953). Here, YayYo raises intentional tort, negligence and unfair business practices claims. Despite the various, yet apparently defective legal theories, all of the claims expressly arise out of the various agreements, as expressly alleged in each claim.

In *Simula*, the court held that the phrase "arising in connection with" in an arbitration clause has been consistently interpreted by this Circuit, and sister courts, broadly. 175 F.3d at 721. In fact, it was held that the language "arising in connection with" "reaches every dispute between the parties having a significant relationship to the contract and all disputes having their origin or genesis in the contract." *Id.* In this case, the language of the agreement includes "any and all disputes, claims or controversies arising out of or related to this Agreement" requires a broad construction of the provision, as to enforce arbitration in connection with all controversies that arise or are related to the Agreement. In this case, the stay is required for arbitration to take place. As quoted above, the

//

allegations of each claim raised in the complaint involve disputes arising out of or related to the Agreement.

In *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315 (4th Cir. 1988), the court held an arbitration provision "was sufficiently broad in scope to include claims for unfair trade practices, libel, and defamation." *Id.* Here, all of the claims alleged in the complaint discuss the contract, and either lack of performance or payment under the contract for a period of time as a basis to calculate damages. Thus, the nine claims raised in the Complaint are subject to arbitration as required by law and the provisions of the subject agreement.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court: (1) compel YayYo to arbitrate each and every claim asserted against Defendants in this action; and (2) stay this proceeding as to Defendants pending arbitration of such claims.

Dated: March 21, 2017

Respectfully submitted,

**MORRIS POLICH & PURDY LLP**

By: /s/ *Neda Cate*

David L. Brandon
(*Dbrandon@mpplaw.com*)
Neda Cate
(Ncate@mpplaw.com)
1055 West Seventh Street
24th Floor
Los Angeles, CA 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
Attorneys for Defendants
**ROBERT LISIESCKI, CHRISTOPHER JOHN GILBERT, AND JOSEPH HOFFMAN**